UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-cv-20035-MGC

ETHEL THOMAS, as an individual, and on
behalf of all others similarly situated,

      Plaintiff,

vs.

PHUSION PROJECTS, LLC d/b/a DRINK
FOUR BREWING CO.,

      Defendant.

### DEFENDANT PHUSION PROJECTS, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT THEREOF

Defendant Phusion Projects, LLC ("Phusion") moves to dismiss the First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. Phusion's motion is based on the law and authorities cited herein, all pleadings and papers on file in this action, the arguments of counsel at the hearing on this motion, and such additional evidence and authority as may be offered in connection with this motion.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff, Ethel Thomas, alleges that Four Loko, a beverage manufactured by Phusion which contained alcohol and caffeine is unsafe and causes "sickness and alcohol poisoning, and even death." Complaint ("Compl.") ¶¶ 4, 9, 22. She asserts that after consuming unspecified quantities of Four Loko she "became ill" and that "her illness continued for several days," *id.* ¶ 12.

Disavowing that these allegation in fact state a claim for personal injury, *id.* ¶ 9, Plaintiff attempts to disguise her personal injury claim as a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff alleges that Phusion deceived her and other consumers by failing to state explicitly "its caffeine and alcohol content and the harmful effects of this combination of ingredients." *Id.* ¶¶ 9, 50. Colorfully, Plaintiff claims that she and other Florida consumers were unaware of those effects and were "tricked" into believing that they could "keep drinking well past the point of drunkenness." *Id.* ¶ 4. Plaintiff's FDUTPA claim fails for three independent reasons and should be dismissed pursuant to Rule 12(b)(6).

*First*, FDUTPA does not provide a remedy for the personal injury that Plaintiff alleges.

*Second*, Plaintiff has not alleged deception as required under FDUTPA. The Complaint actually pleads facts that belie any conceivable claim of deception. The Complaint contains an image of a 23.5 ounce Four Loko can prominently disclosing that Four Loko contains 12% alcohol by volume plus caffeine, guarana and taurine. *Id.* ¶¶ 18, 19, 21. Any reasonable consumer – and the test for deception is premised on the knowledge of a consumer acting reasonably in the circumstances – would understand that Four Loko contained alcohol – causing insobriety – and caffeine – a stimulant. Indeed, the Complaint acknowledges in its opening paragraph that the drink is a "popular caffeinated alcoholic beverage," *id.* ¶ 1, and that it has gained in popularity over the years. *Id.* ¶¶ 3, 15. Plaintiff even alleges that Four Loko was inspired by observing that "university students were mixing alcohol and caffeine." *Id.* ¶ 15. In other words, consumers already knew and sought the effects of alcohol and caffeine, and bought Four Loko for the very properties that the Complaint alleges were not sufficiently disclosed or understood. Moreover, a consumer acting reasonably in the circumstances would undoubtedly understand the clear import of the label's ten statements that the product contained alcohol

and/or caffeine, including the GOVERNMENT WARNING on the can's label which advised that "CONSUMPTION OF ALCOHOLIC BEVERAGES **IMPAIRS YOUR ABILITY** TO DRIVE A CAR OR OPERATE MACHINERY, AND **MAY CAUSE HEALTH PROBLEMS**." (emphasis added)

*Third*, buying the "popular caffeinated alcoholic beverage" and getting exactly what they expected means that Plaintiff and other consumers suffered no actual damages as required under FDUTPA. *Id.* ¶ 1. Plaintiff alleges no facts to support her claim that the product is "valueless" to consumers; to the contrary, its use value is evident in that the purchasers consumed the beverage. Unsurprisingly, the only basis Plaintiff alleges to support her damages claim is grounded in personal injury: "Had Plaintiff and Class members known that Four Loko was not safe when consumed in that it had harmful effects including, but not limited to, causing sickness and alcohol poisoning, and even death, they would not have purchased the product." *Id.* ¶ 48. However, FDUTPA specifically precludes personal injury allegations to support a claim of actual damages. The Complaint utterly fails to allege any other facts to support an award of damages.

*Finally*, Plaintiff's claim for unjust enrichment should be dismissed for the fundamental reason that she received the benefit of her bargain: she paid for a beverage combining alcohol and caffeine, and that's exactly what she received.

## PROCEDURAL AND FACTUAL BACKGROUND

Phusion is an alcoholic beverage company based in Chicago. Observing the long history and popularity of mixing caffeine with alcohol, Phusion developed a prepackaged caffeinated alcoholic beverage product. Compl. ¶ 15. Four Loko was introduced to the market in August 2008. Four Loko was sold in 23.5 ounce cans and contained between 6 - 12% alcohol by

volume, depending on the state in which in the product was sold, the equivalent alcoholic content of some craft beers and most wines. *Id.* ¶¶ 18, 19. A can of Four Loko also contained approximately the same amount of caffeine as an 8 ounce cup of coffee. *Id.* ¶ 19. Four Loko cans expressly disclosed the product's alcohol percentage by volume as well as the fact that the beverage contained caffeine, taurine and guarana. *Id.* ¶ 17, and accompanying image of Four Loko can. Pursuant to the Alcoholic Beverage Labeling Act (ABLA), Pub.L. 100-690, 102 Stat. 4518 (1988) (codified at 27 U.S.C.A. § 215(a)), all Four Loko cans also featured a prominent warning regarding the potential harmful effects associated with consuming an alcoholic beverage:

> GOVERNMENT WARNING:
>
> (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS.
>
> (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.[1]

Plaintiff alleges that she purchased Four Loko on October 31, 2010 from a local convenience store in Miami, Florida and that "[a]lmost immediately after consuming Four Loko, Thomas became ill and her illness continued for several days." *Id.* ¶ 12. Plaintiff further alleges that she purchased Four Loko "based on its advertising and labeling," and that Four Loko allegedly "failed to disclose or adequate [sic] disclose Four Loko's caffeine and alcohol content

---

[1] The ABLA also contains a declaration of policy and purpose, which states that the United States Congress finds that "the American public should be informed about the health hazards that may result from the consumption or abuse of alcoholic beverages, and has determined that it would be beneficial to provide a clear, nonconfusing reminder of such hazards, and that there is a need for national uniformity in such reminders in order to avoid the promulgation of incorrect or misleading information and to minimize burdens on interstate commerce." 27 U.S.C.A. § 213.

and the harmful effects of its combination of these ingredients." *Id.* ¶¶ 9, 39. Specifically, "since the caffeine in Four Loko masks the effect of alcohol, it tricks users into believing they can keep drinking well past the point of drunkenness . . . [causing] sickness and alcohol poisoning, and even death." *Id.* ¶ 4. Plaintiff contends that had she known the harmful effects of Four Loko, she would not have purchased or consumed it. *Id.* ¶ 48. Plaintiff also alleges that "Four Loko was valueless, as evidenced by the fact that Phusion was forced to cease selling Four Loko with caffeine once its harmful effects were brought to light."[2] However, Plaintiff does not allege any facts suggesting that Four Loko's market value was in any way diminished because of the particular makeup of its ingredients, such as that Four Loko's price has changed in any way since the caffeine-free formulation was introduced to the market in 2010.

On January 5, 2011, Plaintiff filed her original Complaint asserting claims for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et. seq.*, and for unjust enrichment. On April 11, 2011, Defendant filed a Motion to Dismiss the Complaint. Thereafter, on April 28, 2011, Plaintiff filed her First Amended Complaint, again claiming FDUTPA violations and unjust enrichment. Plaintiff purports to bring these claims on behalf of a class comprised of all Florida consumers who purchased Four Loko for personal, family or household purposes during the last four years. Compl. ¶ 38.

## ARGUMENT

To avoid dismissal, Plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

---

[2] On November 16, 2010, Phusion announced its voluntary reformulation of Four Loko, to remove caffeine, guarana and taurine.

*Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

I.  PLAINTIFF FAILS TO ALLEGE A CLAIM UNDER FDUTPA.

Plaintiff's first claim for relief alleges a violation of Florida's Deceptive and Unfair Trade Practices Act, Sections 501.201-.213. Compl. ¶¶ 45-50. To plead a claim under FDUTPA, Plaintiff must allege three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 737 (S.D. Fla. 2007); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). The Complaint reveals that Plaintiff is caught in an inescapable dilemma. Insofar as the injury she pleads is the personal injury she allegedly suffered, FDUTPA provides no remedy for that injury. On the other hand, insofar as she seeks only economic damages, she received exactly what she thought she was buying – a 23.5 ounce caffeinated beverage containing about 12% alcohol – and therefore suffered no economic damage.

A.  PLAINTIFF'S FDUTPA CLAIM SHOULD BE DISMISSED BECAUSE HER PERSONAL INJURY CLAIM CANNOT BE BROUGHT UNDER FDUTPA.

Plaintiff alleges that after drinking Four Loko, she "became ill and her illness continued for several days" and that had she "known that Four Loko was not safe when consumed in that it had harmful effects, . . . [she] would not have purchased the product." Compl. ¶¶ 12, 48.[3] She

---

[3] Importantly, Plaintiff does not allege that Four Loko actually caused her illness, or that it was the combination of caffeine and alcohol, rather than her over-consumption of alcohol, that caused her illness.

seeks relief under FDUTPA for these "harmful effects, including, but not limited to, causing **sickness** and **alcohol poisoning**, and even **death**." *Id.* ¶¶ 47, 48; *see also* ¶ 4 (emphasis added). Puffing this up, the Complaint alleges that Four Loko produces "mild-altering effects" [*sic*], *id.* ¶ 22, and also points to several "alarming incidents" involving individuals who were hospitalized or died after consuming Four Loko. *Id.* ¶ 30.

FDUTPA, however, does not provide relief for such injuries. Fla. Stat. § 501.212(3) ("[t]his part does not apply to . . . [a] claim for personal injury or death . . ."); *see also Balaschak v. Royal Caribbean Cruises, Ltd.*, 2009 U.S. Dist. LEXIS 126949 (S.D. Fla. Sept. 14, 2009) (dismissing with prejudice plaintiff's FDUTPA claim for personal injury); *T.W.M. v. American Medical Sys.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995). Rather, FDUTPA was intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive or unfair acts or practices in trade or commerce." *Millennium Communs. & Fulfillment, Inc. v. Office of the AG, Dep't of Legal Affairs*, 761 So. 2d 1256, 1261 (Fla. Dist. Ct. App. 3d Dist. 2000).

Plaintiff's attempted disclaimer of any personal injury claim, Compl. ¶ 9, does not alter the analysis. It simply means that the remedy she seeks for her personal injury is limited to the price she paid. The injury, however, is still a personal injury. Indeed, *every* allegation Plaintiff makes regarding deceptive or unfair practices is based on the alleged risk of personal injury from drinking Four Loko. *See id.* ¶¶ 4, 5, 9, 12, 20, 22, 28-30, 33, 34, 36, 39, 47, 48, 49, 56. Plaintiff has to plead personal injury because there is no entitlement to relief merely because of exposure to a *risk* of personal injury. *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, 2009 U.S. Dist. LEXIS 124904, *9 (S.D. Fla. Oct. 1, 2009) (dismissing with prejudice a FDUTPA

claim based on "risk of bodily injury"); *see also Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1356 (S.D. Fla. 2009) (same).

In a closely analogous case, *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 329 (S.D.N.Y. 2006), the plaintiff asserted a FDUTPA violation against the creators and marketers of the Atkins Diet, alleging that the diet was inherently dangerous because it caused high cholesterol and a risk of cardiac disease, and that defendants had failed to adequately disclose these risks. The plaintiff sought a full refund of the amounts he paid for Atkins food products and for two editions of the Atkins Diet book. *Id.* at 318. The court, however, found that his claimed economic damages for purposes of FDUTPA relief were belied by the allegations of the whole complaint. "The thrust of Gorran's complaint is that had defendants not misled him into believing that the Diet was safe for everyone, he would never have followed the Diet and would never have suffered cardiac blockage and, consequently, severe pain, and physical and emotional distress." *Id.* at 329. The court dismissed the FDUTPA claim with prejudice, finding that "the true damages that Gorran seeks are for personal injury, but such damages are not recoverable under FDUTPA." *Id.*

In short, Plaintiff alleges the kind of personal injury that is outside the scope of FDUTPA. Because the Complaint disguises a personal injury claim as a FDUTPA claim, Count I should be dismissed.

      **B.**    **THE FDUTPA CLAIM SHOULD BE DISMISSED BECAUSE THE COMPLAINT ITSELF CONTRADICTS ANY PLAUSIBLE CLAIM THAT CONSUMERS WERE DECEIVED ABOUT FOUR LOKO.**

The FDUTPA claim also should be dismissed for another, independent reason: the Complaint does not, and cannot, allege deception under FDUTPA. Deception may be found "if there is a representation, omission, or practice that is likely to mislead the consumer acting

8

reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). The FDUTPA standard requires a plaintiff to show "probable, not possible, deception" that is "likely to cause injury to a reasonable relying consumer." *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. Dist. Ct. App. 2000). Further, to satisfy the standard, "a plaintiff must show the potential deception of 'consumers acting reasonably in the circumstances' rather than just any consumers." *Montgomery v. New Piper Aircraft, Inc.*, 2002 U.S. Dist. LEXIS 18198, *15-16 (S.D. Fla. Aug. 6, 2002) (citation omitted).

Here, the Complaint demonstrates that neither Plaintiff nor any reasonable consumer was or could have been deceived about Four Loko's contents or effect. *See Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1285 (11th Cir. Fla. 2007) (dismissing FDUTPA claim because "no reasonable purchaser would believe" a reservation agreement to indicate something at odds with the express terms of the agreement); *Silver v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 5664, *29 (S.D. Fla. Jan. 13, 2011) (rejecting FDUTPA claim because "[n]o reasonable consumer would be deceived in this situation" where loan terms were disclosed in the loan documents signed at closing).

Plaintiff specifically alleges that she relied on the product labeling in purchasing Four Loko. Compl. ¶ 9. That label, as shown in the Complaint, clearly disclosed ten statements indicating that the product contained 12% alcohol by volume and/or caffeine, guarana and taurine. *Id.* ¶ 17. And pursuant to federal law, the label also contained a GOVERNMENT WARNING advising that consumption of Four Loko "impairs" normal functioning abilities and can also "cause health problems." ABLA, 27 U.S.C.A. § 215(a). Plaintiff does not dispute that

the label accurately disclosed the product's contents. However, she suggests that the can also should have contained some further disclosure about the possible purported effects of consuming a beverage that combined alcohol with caffeine. There are three holes in this proposition that require dismissal under *Twombly* and *Icqbal*.

First, the Complaint alleges that the very risk that supposedly was not disclosed was integral to Four Loko's success. Plaintiff alleges that one can of Four Loko was "as potent as drinking six beers and two cups of coffee." Compl. ¶ 2. That potency is the source of the alleged undisclosed risk. But the Complaint then documents the rise in popularity of this "potent" beverage: three founders created Four Loko after noticing a trend in mixing "alcohol and caffeine" in 2005; thereafter, their product "gained significant popularity," and by 2009 was "available in 46 American States and in Europe." *Id.* ¶¶ 3, 15; *see also id.* ¶¶ 1, 39. In short, the Complaint alleges that what was supposedly unknown was so well known that it inspired the development of the product and explains the product's success in the market.

Second, no consumer acting reasonably in the circumstances could be misled about Four Loko's potential adverse health effects given the label's ten statements that the product contained alcohol and/or caffeine, including the GOVERNMENT WARNING, cautioning the consumer that the product can "cause health problems." The crux of Plaintiff's FDUTPA allegations is found in paragraph 47 of the Complaint:

> The misrepresentations and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public, particularly young adults, into believing that Phusion's Four Loko was safe to consume when, in fact, it had harmful effects including, but not limited to, causing sickness and alcohol poisoning, and even death.

FDUTPA provides no relief – because there is no deception – where, as here, the allegedly undisclosed information is actually stated in the very material on which the plaintiff relied.

10

*Zaffrullah v. Countrywide, Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 10465 (S.D. Fla. Feb. 8, 2010) (dismissing FDUTPA claim because the "Court agrees that a party that signs a contract whose terms contradict the alleged misrepresentations on which he relied is barred from seeking relief pursuant to FDUTPA, as the party did not reasonably rely on the misrepresentation"); *see also Zlotnick*, 480 F.3d at 1285(dismissing FDUTPA claim because "no reasonable purchaser would believe" a reservation agreement to indicate something at odds with the express terms of the agreement); *Silver*, 2011 U.S. Dist. LEXIS 5664, *29 (S.D. Fla. Jan. 13, 2011) (rejecting FDUTPA claim because "[n]o reasonable consumer would be deceived in this situation" where loan terms were disclosed in the loan documents signed at closing). Here, Plaintiff alleges that she purchased Four Loko "based on" its labeling. Compl. ¶ 9. That labeling plainly warns of health risks and that states the product contains alcohol and caffeine. Plaintiff, therefore, cannot have been deceived into thinking Four Loko was risk-free.

Third, no reasonable consumer of alcoholic beverages would be deceived in this situation or require some further disclosure about the "mind-altering" effects of consuming the product. In the first place, the Complaint points to a history of mixing alcohol and caffeine among the supposed target demographic for this beverage. *Id.* ¶15. Taking that as true, the target market had a history of "homemade" beverages like Four Loko and could not have thought its effects were anything other than what they were. In dismissing similarly flimsy claims by the allegedly deceived Atkins dieter, the *Gorran* court took a common sense approach in considering what a reasonable consumer would have known about the product at issue:

> Pastrami and cheesecake – large amounts of which the dieter admittedly consumed – might present risks, but these were risks of which consumers were aware. The average consumer surely anticipated that these and other high-fat or high-protein foods might increase cholesterol levels and the risk of heart disease.

11

464 F. Supp. 2d at 329. Likewise, here, any reasonable consumer would understand that drinking enough of a 12% alcohol by volume beverage – like drinking too much wine or any other alcoholic beverage – would affect sobriety regardless of whether the stimulant effect of caffeine might keep the consumer awake. Given the Complaint's description of Four Loko's burgeoning popularity over a short period of time, Compl. ¶¶ 1, 3, 15, 39, it is not plausible to suppose that the reasonable consumer was unaware of the effects of consuming the product. In fact, it is far more plausible, given the facts alleged in the Complaint, that the supposedly unknown physical effect was not only well known but was the reason for the product's meteoric popularity.

      C.     **PLAINTIFF FAILS TO ALLEGE ACTUAL DAMAGES UNDER THE FDUTPA.**

Plaintiff's FDUTPA claim should also be dismissed because she has failed to allege facts establishing that she suffered actual damages as a result of Phusion's purportedly "deceptive" conduct. FDUTPA requires a plaintiff to allege "actual damages proximately caused" by the defendant. *Himes v. Brown & Co. Secs. Corp.*, 518 So. 2d 937, 938 (Fla. 3rd DCA 1988).

The actual damages recoverable under FDUTPA are measured as "the difference in market value of the product in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to agreement between the parties. A notable exception to the general rule on actual damages is that when a product is rendered valueless as a result of the defect, then the purchase price is the appropriate measure of actual damages." *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, 2009 U.S. Dist. LEXIS 124904, *11 (S.D. Fla. Oct. 1, 2009). Unsupported assertions that a product is valueless, however, are insufficient to support a claim for damages. *Id.* Where a plaintiff has received the benefit of her bargain, and was able to use the product as expected, then the plaintiff cannot establish actual

damages. *In re Crown Auto Dealerships*, 187 B.R. 1009, 1019 (Bankr. M.D. Fla. 1995) (rejecting FDUTPA claim based on defendant's alleged failure to disclose that cars were previously stolen as insufficient to establish actual damages. "Claimants received the vehicle that they bargained for and [ ] they also received the use value of the vehicle that they bargained for.").

Here, Plaintiff provides only conclusory allegations about her purported damages, alleging both that she "paid more for Four Loko than the market value [it] would have had if its caffeine and alcohol content" and the effects of that combination had been disclosed, and further that Four Loko was "valueless, as evidenced by the fact that Phusion was forced to cease selling Four Loko with caffeine once its harmful effects were brought to light [so that] Plaintiff has suffered damages in the amount not less than the purchase price." Compl. ¶¶ 9, 50; *see also id.* ¶ 56. These allegations are insufficient to support a claim for actual damages for three reasons.

First, Plaintiff's allegation that Four Loko is "valueless" because she and class members would not have bought it if the allegedly undisclosed health risk had been disclosed requires a leap in logic that Florida law rejects. Plaintiff simply and insufficiently assumes that no one would buy Four Loko if additional unspecified disclosures were made. *Cf. Hanson Hams, Inc. v. HBH Franchise Co.*, 2004 U.S. Dist. LEXIS 29636 (S.D. Fla. Dec. 20, 2004) ("Plaintiff's argument that its franchise is 'valueless' is predicated on an unwarranted leap in logic: because it has been unable to sell its franchise thus far, it cannot sell it at all"). As in *Clear Marine Ventures*, "[h]ere, there is absolutely no information given as to fair market value." 2009 U.S. Dist. LEXIS 124904 at *11 (dismissing with prejudice a FDUTPA claim where Plaintiff merely provided an unsupported assertion that a boat was worthless based on a speculative risk of hull fracture failure in open waters).

13

This case involves a tangible product with use value, which is measured by the price consumers paid for a beverage that has the qualities of a flavored alcoholic drink that combined caffeine, guarana and taurine. The court in *In re Crown Auto Dealerships*, 187 B.R. at 1019, rejected a claim of actual damages under FDUTPA where consumers received the use value of the product they purchased. There, plaintiffs alleged actual damages based on the seller's omission that the cars they purchased had previously been stolen. In rejecting this theory of damages, the court stated:

> This Court is satisfied that the Claimants received the vehicle that they bargained for and that they also received the use value of the vehicle that they bargained for. The Claimants' are not entitled to the allowance of any claim based on actual damages, since they failed to establish that they suffered any actual damages as a result of Crown's representations concerning the vehicles. Claimants' subjective feelings of disappointment are insufficient to form the basis of an award of actual damages.

*Id.* Despite her unsupported assertion that Four Loko was "valueless," Plaintiff has not alleged any facts demonstrating that she – or any other consumer – was unable to obtain some use value from a can of Four Loko. Plaintiff – like all other purchasers of Four Loko – expected, paid for, received and allegedly consumed a flavored caffeinated alcoholic beverage. Absolutely no facts in the Complaint support Plaintiff's assertion that there is no market value for a beverage containing alcohol and caffeine.

Similarly, there are no allegations supporting Plaintiff's claim that the market value of Four Loko was less than what she paid for it because of alleged omissions in the labeling. In fact, there are no allegations in the Complaint regarding how much Plaintiff paid for a can of Four Loko or what the market value of that can of Four Loko would have been if Phusion had disclosed the allegedly omitted facts. Nor does the Complaint allege that the price of Four Loko in its new formulation without caffeine, guarana and taurine is more than what consumers

previously paid. In fact, rather than alleging that Plaintiff and the class got something less than they paid for, the Complaint expressly acknowledges that at the time, Four Loko was a "popular caffeinated alcoholic beverage" with a rapidly expanding consumer base. Compl. ¶¶ 1, 15. In other words, the Complaint establishes that consumers wanted a drink with alcohol and caffeine and received such a beverage when exercising their choice to purchase Four Loko.

Third, insofar as the Complaint may be read to assert that Four Loko was worth less than whatever Plaintiff and other consumers paid because of the risk of "harmful effects," that risk is not a cognizable injury under FDUTPA. Fla. Stat. § 501.212(3). Plaintiff alleges that she was misled into purchasing a product that "was not safe when consumed." Compl. ¶ 48. Under FDUTPA, however, allegations of a risk to one's body or health are not an adequate basis for actual damages. *Clear Marine Ventures*, 2009 U.S. Dist. LEXIS 124904, *9 (S.D. Fla. Oct. 1, 2009) ("Nor does risk of bodily injury to [plaintiff] qualify as 'actual damages.'"); *see also Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1356 (S.D. Fla. 2009) (finding the FDUTPA claim "must be dismissed for failure to state a claim, as the allegations in Count III make clear that Plaintiff seeks damages based on the decedent's personal injury and subsequent death"); *Gorran*, 464 F. Supp. 2d at 329 (dismissing with prejudice a FDUTPA claim where actual damages were based on the risk of adverse health events).

Thus, "[i]n the absence of actual damages attributable to a FDUTPA violation, Plaintiff's claim must be dismissed." *Hanson Hams, Inc. v. HBH Franchise Co.*, 2004 U.S. Dist. LEXIS 29636, *29-30 (S.D. Fla. Dec. 20, 2004) (citations omitted).[4]

---

[4] Any other damages that might be implied in her claim are inadequate to establish damages because "FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. Dist. Ct. App. 2d Dist. 2006).

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's unjust enrichment claim should be dismissed because the Complaint does not allege sufficient facts to plead an unjust enrichment claim.  The core of an unjust enrichment claim is an allegation that the plaintiff gave consideration to the defendant and did not receive equivalent value under circumstances that render the transaction unfair.  *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007).  But, here, for the reasons explained above, Plaintiff received exactly what she wanted and exactly what she paid for – a beverage that contained 12% alcohol by volume, plus caffeine, gaurana and taurine.  Because Plaintiff received the benefit of her bargain, she cannot state an unjust enrichment claim.  *N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. App. 3d DCA 2000) (unjust enrichment claim "cannot exist where payment has been made for the benefit conferred.")

Moreover, "unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy."  *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005).  Plaintiff, in her unjust enrichment claim, seeks recovery for the exact same wrongful conduct as in her FDUTPA claim.  Compl. ¶¶ 54, 56.  Although a plaintiff may ordinarily plead in the alternative, here, if Plaintiff cannot prevail with her available legal remedy, she cannot prevail with her unjust enrichment claim.  Because Plaintiff failed to allege facts to support a claim based on violation of FDUTPA, she cannot state an unjust enrichment claim on the same alleged misconduct.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Phusion Projects, LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*s/ Daniel J. Gerber*
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-Mail:  dgerber@rumberger.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Brian W. Smith, Esquire** at **Bws@smithvanture.com**.

                                             *s/ Daniel J. Gerber*
                                             DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-Mail:  dgerber@rumberger.com
Attorneys for Defendant